# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK, N.A., TRUSTEE FOR THE HOLDERS OF THE J.P. MORGAN MORTGAGE TRUST 2007-S3; NATIONSTAR MORTGAGE, LLC; AND BANK OF AMERICA, N.A.,
Appellants,
vs.
SFR INVESTMENTS POOL 1, LLC; AND SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION,
Respondents.

No. 82988



FILED

JUN 25 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DECLINING CERTIFIED QUESTIONS*

This matter involves legal questions certified to this court, under NRAP 5, by the United States Court of Appeals for the Ninth Circuit. Specifically, the Ninth Circuit has certified the following question to this court:

> Whether, under Nevada law, an HOA's misrepresentation that its superpriority lien would not extinguish a first deed of trust, made both in the mortgage protection clause in its CC&Rs and in statements by its agent in contemporaneous arbitration proceedings, constitute slight evidence of fraud, unfairness, or oppression affecting the foreclosure sale that would justify setting it aside.

The certifying order also asks this court "to consider the related issue of what evidence a first deed of trust holder must show to establish a causal relationship between a misrepresentation that constitutes unfairness under [pertinent Nevada caselaw] and a low sales price."

Having considered the questions and the Ninth Circuit's certification order, we are not persuaded that there is a lack of controlling precedent or that any answers would help settle important questions of law.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-18298

*See Volvo Cars of N. Am., Inc. v. Ricci*, 122 Nev. 746, 749-51, 137 P.3d 1161, 1163-64 (2006) (discussing the factors this court considers when determining whether to accept a certified question, including whether controlling precedent exists or whether any answer would settle important issues of law). In particular, *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 405 P.3d 641 (2017), and *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016), both discussed in the Ninth Circuit's order, constitute controlling precedent on the issues presented. And resolving the questions would not settle important questions of law, but would merely involve applying already established law to the facts in the Ninth Circuit's case. Accordingly, we decline to accept the certified questions.

It is so ORDERED.[1]

_____, C.J.
Hardesty

_____ J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

[1]The Honorable Abbi Silver, Justice, voluntarily recused herself from participation in the decision of this matter.

cc: Akerman LLP/Las Vegas
Richard Aaron Chastain
Stephen Colmery Parsley
Kim Gilbert Ebron
Alverson Taylor & Sanders
Clerk, United States Court of Appeals for the Ninth Circuit

SUPREME COURT
OF
NEVADA

(O) 1947A